[No. 13257.   Department Two. — January 2, 1890.]

## E. J. KING, RESPONDENT, v. THOMAS PONTON, APPELLANT.

OLOGRAPHIC WILL — TEARING AWAY SIGNATURE — REVOCATION — EVIDENCE — DECLARATIONS OF DECEDENT — MENTAL WEAKNESS. — Where it appears that the signature has been torn from an olographic will, after it had been executed and placed in a valise in which the decedent kept his papers, with a declaration to the executor named therein that he would know where to find it when required, and which was found in the valise after his death minus the signature, a verdict to the effect that the signature was canceled and destroyed by the decedent before his death, with intent to revoke the will, will not be disturbed, though it appears that others may have had access to the will, if there is evidence that decedent declared during his last illness that he destroyed it, and ought to do something about a will, though very sick and weak at the time, and if the evidence as to his mental condition is so conflicting that a finding that he was of sound mind could not be disturbed.

ID. — CONTEST OF WILL — ADMISSION RESTRICTING ISSUES — GENERAL VERDICT — ORAL STIPULATION — IRREGULARITY WITHOUT PREJUDICE. — When it is admitted upon the contest of such will, before the court and in the presence of the jury, that the will had been properly executed by the decedent, and that he had sufficient reasons for signing it, and the single issue is submitted to the jury, whether the signature was destroyed by the decedent with intent to revoke the will, under an oral stipulation not entered on the minutes of the court, that the jury might render a general verdict for either party, the rendition of such a verdict

for the contestant without objection to its form, and the entry of judgment thereon without any special findings of fact is waiver of such findings, and an irregularity which must be disregarded as not affecting the substantial rights of the parties.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*T. P. Ryan*, for Appellant.

*Sayle & Caldwell*, for Respondent.

SHARPSTEIN, J.—Appellant presented to the superior court of the county of Fresno, sitting in probate, an instrument which he alleged to be an olographic will, — the last will and testament of John McCalman, who died in said county on or about the sixteenth day of July, 1888. Appellant was named in said alleged will as sole executor. And he prayed that said alleged will be admitted to probate, and that letters testamentary thereon be issued to him. At the time appointed for hearing said application, respondent appeared to contest said will, and filed written grounds of opposition to the probate thereof, to which appellant filed an answer, traversing the objections. Thereupon the contest came regularly on trial before the court and a jury of twelve men, who were duly sworn to try said cause.

An instrument which appellant offered to prove as the last will and testament of John McCalman was read in evidence. It is written on one side of one sheet of writing-paper of foolscap size, and is not signed at the foot or end in any manner, but said sheet of paper is torn at the lower end thereof, and that part usually occupied by the signature is torn away and not produced. That part which is torn away and not produced is described as follows: " Commencing at the right-hand edge of said sheet of paper, about two and one half inches

from the lower edge thereof, and less than one inch below the last line of said instrument, and extending thence toward the left-hand corner, and reaching the lower edge of said sheet about one and one half inches to the right of the lower left-hand corner; the torn edge is slightly circular toward the left and bottom of the sheet from a point about the middle thereof. There appears just above the torn edge, and about three inches to the right-hand side, a pen-mark in ink, almost circular, with the open side down and resting in the torn edge."

It was admitted by the contestant before the court and in the presence of the jury that the paper instrument in evidence as the last will and testament of John McCalman was executed and signed by him, and that he had sufficient reason for devising his property to the parties named in the will, and that the reason was strong enough to induce him to do that.

By that admission all the issues were eliminated from the contest except one, viz.: Whether "the said John McCalman did, before his death, tear, cancel, and destroy his signature from said instrument with the intent and for the purpose of revoking the same as a will."

Respondent insists that the evidence shows that he did, and appellant that he did not.

The evidence shows that decedent, after writing and subscribing his name to the instrument alleged to be his last will and testament, put it into a valise, and said to appellant, who is named as executor in said instrument: "Ponton, if ever you require this paper you will know where to find it." The valise was one in which he left his papers, and after his death said will was found therein, minus the signature.

After his death the valise was found in decedent's bedroom, in his own house. "Anybody could have had access to the house or valise at nearly all times." It is therefore quite possible that some person other than decedent tore his signature from the will. The evidence

that decedent did it with intent to revoke the will consists of statements made by him during his last illness. In a conversation between him and appellant, decedent said: "Ponton, I don't know what's going to come of this thing; I believe I ought to do something about a will." To which appellant replied: "Why, Mac, you made a will long ago." He said: "That is destroyed." The next day decedent said to appellant and Mrs. Thomas: "Now I have got ·my will all planned." To a witness (Curtis) he said: "I destroyed that will, Curtis, and I think I had better fix up my affairs. I don't know what is coming of this." At the time of saying this "he was very sick and very weak. He was laboring under such weakness and pain that he was really not himself."

As to the mental condition of deceased at the times when these circumstances occurred, the evidence is somewhat conflicting, and we could not disturb a finding that he was sound of mind.

Although a jury was impaneled to try the issues, no special issues were framed and submitted to them, and no special verdict was returned by them. But the record shows that "it was stipulated and agreed by and between the parties, in the presence of the court and during the trial, and after the jury had been instructed upon the law, and upon such stipulation and agreement, it was by the court ordered that if the jury should find the issue in said contest for the said contestant, then they might and should return their verdict in the following words: 'We, the jury, find for the contestant, E. J. King'; and that if said jury should find said issue for the petitioner, then their verdict might and should be returned by them in the following words: 'We, the jury, find for the petitioner, Thomas Ponton.' But said stipulation and agreement was not made in writing, nor was the same entered on the minutes, nor were special findings by the jury waived in any other manner than as appears in this statement on motion for a new trial. That thereupon the jury

retired, and after deliberation, returned into court on said second day of October, 1888, and gave the following verdict:—

"'We, the jury, find for the contestant, E. J. King. October the 2d, 1888.

"'D. D. HUDSON, Foreman.'

"Said verdict was then and there received by the court, and an entry thereof made by the clerk in the minutes of the court as the law requires, all in the presence of said petitioner and in the presence of his attorneys, without any objection being made by said petitioner or his attorneys to said verdict, or to the form thereof, or to the reception and entry of the same, unless said objection be implied from the silence of said petitioner and his attorneys.

"That there were and are no findings of fact upon the issues joined herein, made and filed by the court, nor were said findings waived by the proponent herein. That, thereafter, and in the absence of such findings, the following judgment was made, entered, and filed by the court."

This was an irregularity, which we hope may never be repeated, but it did not in this case, we think, affect the substantial rights of the parties, and therefore must be disregarded. (Code Civ. Proc., sec. 475.)

Judgment affirmed.

THORNTON, J., and McFARLAND, J., concurred.

Hearing in Bank denied.